Joseph SAMON, Claimant/Appellant,

v.

KC & JC, INC., d/b/a Arch Express Employer,

and

Division of Employment Security, Respondent.

No. ED 91810.

Missouri Court of Appeals, Eastern District, Division Four.

March 10, 2009.

Kurt C. Hoener, Bertram Cooper, St. Louis, MO, for Appellant.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy P.C., Kevin J. Lorenz, Michelle M. Cain and Shawn Michael Fusco, Co-Counsel for Respondent, St. Louis, MO, for Respondent.

Before NANNETTE A. BAKER, C.J., and KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J.

### ORDER

Joseph Samon (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (Commission) denying unemployment benefits on the grounds that he was discharged for misconduct connected with his work. Claimant contends the Commission erred in denying him unemployment benefits because the decision was not supported by competent and substantial evidence. Claimant argues the Commission: (1) erred "in using the findings of an inadmissible drug test" to support its decision; (2) erred in defining "misconduct connected with work" as

"misconduct" under Section 288.030.1(23), RSMo Cum. Supp. 2007,[1] and; (3) violated his due process rights in failing to require compliance with Section 288.045[2] as the sole basis upon which to disqualify Claimant from receiving unemployment benefits. We affirm.

We have reviewed the briefs of the parties and the record on appeal. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth our reasons for the order affirming the trial court's award of summary judgment, pursuant to Rule 84.16(b).

We affirm the judgment pursuant to Rule 84.16(b).

1. Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2007.

2. We note that Section 288.045 has been amended since first becoming effective in 2005. Here, we look to the most recent version of the statute, which is applicable to discharges occurring after October 1, 2006.